IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONDELL HILL, | : | CASE NO. 20-cv-02198 |
| | : | |
| Petitioner, | : | JUDGE JOHN ADAMS |
| | : | |
| vs. | : | MAGISTRATE JUDGE CARMEN HENDERSON |
| | : | |
| ED SHELDON, | : | |
| | : | |
| Respondent. | : | |

**MOTION TO STAY AND HOLD PROCEEDINGS IN ABEYANCE**

Petitioner, RONDELL HILL, though counsel, asks this Court for an order staying this matter and authorizing him to return to the state court so that he may present and litigate the merits of the claim he raised in his Amended Petition for Writ of Habeas Corpus, which was filed at the direction of the Sixth Circuit Court of Appeals. That claim – arguing that Hill's aggravated murder conviction was not supported by sufficient evidence and is contrary to clearly established federal constitutional law – is based on new evidence the substance of which the state court has not previously considered. A return to the state court will allow Mr. Hill to have the trial court consider the merits and credibility of the evidence that underlies this claim in the first instance as recommended by *Rhines v. Weber*, 544 U.S. 269 (2005) and *Walker v. Martin*, 562 U.S. 307 (2011). In support of this request, Petitioner further states as follows:

1. This matter is before this Court as a successor petition for habeas corpus relief, which was initially filed on September 29, 2020 and raised two grounds for relief: 1) that Hill's right to due process was violated because his conviction was based on insufficient evidence and the state courts violated federal law and constitutional provisions by denying a review of the newly discovered evidence demonstrating that claim; and 2) that the trial court's summary denial

of Hill's motion for leave to file a delayed motion for new trial violated the Constitution.

2. On December 13, 2020, this Court granted the Warden's request to have this matter transferred to the Sixth Circuit, so that that body could determine whether to authorize the petition's filing.

3. On August 27, 2021, the Sixth Circuit granted Mr. Hill authorization to file a second or successor petition for habeas corpus relief as provided under 28 U.S.C. §2244(b)(3)(A). Specifically, that court agreed with Mr. Hill that two of the affidavits upon which the petition was predicated met the statutory requirements for filing a second or successor petition. The court concluded that two of the affidavits submitted in support of Mr. Hill's first claim for relief – arguing that a conviction not supported by sufficient evidence was contrary to clearly established federal constitutional law – should be considered in a successor petition. The court found that the second proposed claim for relief was not cognizable.

4. Undersigned counsel filed her appearance on October 14, 2021, and asked this Court for a Status Conference to ascertain next steps. This Court thereafter ordered Petitioner to file an Amended Petition consistent with the Sixth Circuit's order no later than November 5, 2021. An Amended Petition was filed on November 2, 2021.

5. According to the state court record, the information contained in the affidavits was previously submitted to the trial court in support of a motion for leave to file a motion for new trial. The state court denied leave to file the motion and never considered the merits/credibility of the information those affidavits contained. The Sixth Circuit has concluded, however, that Mr. Hill has made a *prima facie* showing that the affidavits contain new facts that if proven would be sufficient to establish by clear and convincing evidence that Mr. Hill's aggravated murder conviction rests on insufficient evidence, and thereby, violates the

Constitution. The Sixth Circuit also found that the two affidavits could not have been discovered previously.

6. In light of the Sixth Circuit's conclusions regarding the affidavits at issue here, this Court should stay this case, hold it in abeyance, and remand the matter to the trial court so that it may explore the evidence the affidavits contain and weigh in, in the first instance, on the credibility and reliability of that evidence.

7. Although technically Mr. Hill's claim is exhausted, the decision in *Rhines* was founded on the doctrine of comity, which says that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter. In Hill's case, the trial court – who heard evidence again Hill at trial – has never considered the affidavits that underpin his sufficiency claim. That should occur in this case. *Rhines* provides that a district court should grant a stay if: 1) there is good cause for the failure to exhaust; 2) the claim is potentially meritorious; and 3) there is no evidence that the petitioner had been dilatory. *Rhines*, 544 U.S. at 278.

8. Based on the three factors an order a staying and holding this case in abeyance with authorization to return to state court is warranted in this case. At the outset, the Sixth Circuit has already found that Mr. Hill could not have previously obtained the affidavits. *In re Hill*, 20-4290 (Order 8/27/2021, p. 4) It is also clear from the case's procedural history that Hill was unsuccessful in past attempts to present this information in state court and there is nothing dilatory related to those past efforts. Lastly – and the Sixth Circuit has voiced agreement on this front – if proven, the evidence and the claim underlying it, is clearly meritorious.

9. This Court has inherent authority to stay the cases before it. See, e.g., *Clinton v.*

*Jones*, 520 U.S. 681, 706 (1997); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 381-82 (1935), overruled on other grounds, *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287 (1988). It also has wide-ranging powers to shape relief and procedures to effectuate habeas corpus jurisdiction. *Harris v. Nelson*, 394 U.S. 286 (1969). The "stay and abeyance" process allows the courts to balance the delicate principles of non-piecemeal litigation with the need to provide a petitioner opportunity to ultimately obtain a ruling on the merits of his claims. *Rhines*, 544 U.S. at 278; *Duncan v. Walker*, 533 U.S. 167 at 182-83 (Stevens, J., concurring). The fact that Ohio courts will determine the ongoing validity of Mr. Hill's conviction and possibly render his amended habeas petition moot further warrant a stay pending merits consideration in the state court.

WHEREFORE based on these concerns, Petitioner Hill is asking this Court to grant his request to stay these proceeding and hold them in abeyance while he litigates the question of whether the newly discovered evidence in his case entitles him to relief in the state court. To ensure that Mr. Hill's claims are be promptly litigated, Mr. Hill will submit a successor petition for post conviction relief and/or motion for new trial in the state trial court within 60 days of this Court's order staying the federal litigation and authorizing the return to state court.

After that filing, the matter will proceed according to the state court rules and orders. Mr. Hill will provide regular updates to the Court on the status of the state court litigation. This timetable and status updates will permit the Court to monitor the litigation and ensure that the State's interest in prompt litigation is protected. If necessary, Mr. Hill will return to this Court within sixty 60 days of the state court litigation's conclusion.

                                                Respectfully submitted,

                                                /s/ Erika B. Cunliffe

ERIKA CUNLIFFE (0074480)<br>
Peachliffe1@yahoo.com<br>
Assistant Public Defender<br>
Cuyahoga County Public Defender<br>
310 Lakeside Avenue, Suite 200<br>
Cleveland, Ohio 44113<br>
(216) 443-8353

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion to Stay and Hold the Proceedings in Abeyance was electronically filed on April 25, 2022, and served electronically on the Attorney General's Office and any other necessary parties.

/s/ Erika B. Cunliffe
ERIKA CUNLIFFE (0074480)
Assistant Public Defender

5