IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONDELL HILL, | : | CASE NO. 20-cv-02198 |
| Petitioner, | : | JUDGE JOHN ADAMS |
| vs. | : | MAGISTRATE JUDGE CARMEN HENDERSON |
| ED SHELDON, Warden,[1] | : | |
| Respondent. | : | |

**PETITIONER'S RESPONSE TO THE
WARDEN'S BRIEF OPPOSING JURISDICTION
PURSUANT TO 28 U.S.C. 2244(b)(2)(B)**

This matter is before this Court pending its consideration of Petitioner Hill's Amended Petition for a Writ of Habeas Corpus. That pleading was submitted on September 29, 2021, consequent to the Sixth Circuit's August 27, 2021 order granting Mr. Hill's request for authorization to file a second or successive petition for habeas corpus relief pursuant to 28 U.S.C. § 2244(b)(3)(A). See, *In re: Rondell L. Hill*, No. 20-4290, Case: 1:20-cv-02198-JRA, Dkt. 6 (hereinafter "Sixth Circuit Order").

On April 25, 2022, Mr. Hill asked this Court to stay and hold these proceedings in abeyance so that he could return to the state trial court and litigate in the first instance the factual developments reflected in that Amended Petition. On June 27, 2022, the

---

[1] Undersigned would welcome some guidance concerning identification of the proper parties in this context. It is understood that the Warden is the proper respondent under Fed. R. Civ. Pro. 25 because he is the person able to produce the petitioner before the habeas court. And indeed Mr. Sheldon was the Warden at Richland Correctional Institution when this litigation started. He has since been replaced by Kenneth Black. Accordingly, respondent's identity could change many times while litigation under Title 28 U.S.C. 2244 and 2254 remains pending. Should Respondent's identity change in the case caption as that litigation progresses?

1

Warden filed a motion asking this Court to deny his stay and abey motion, and, on July 12, 2022, the Warden submitted a brief opposing this Court's jurisdiction over Hill's amended petition pursuant to 28, U.S.C. 2244(b)(2)(B). In the discussion that follows, Mr. Hill asks this Court to consider the issues he raises in his amended petition, in accordance with the 6th Circuit's directive, or send this case back to the State Court so it can do so.

## FACTUAL SUMMARY SUPPORTING THE CLAIM THIS PETITION PRESENTS

This was never an overwhelming evidence case. At Mr. Hill's trial, the state called eleven witnesses. Only one of them, Damon Taylor, provided any evidence linking Hill to the shooting of Tyrone Spence.

At trial, Damon Taylor testified that he and Spence had been friends. (T. 445) Taylor believed that Spence was acquainted with Hill because he purchased weed from him on occasion. On the night of the incident, Taylor picked up Spence and drove him to Hill's house, because, Taylor believed, Spence owed Hill money. (T. 449-450) Taylor had no car at the time, so he borrowed his girlfriend's 2008 Pontiac GT. When they arrived, Taylor parked down the street because several cars were already parked in front of Hill's. (Id.) Taylor said he observed 8-10 people on the street that he did not recognize. (T. 457)

Spence exited the GT and approached Hill. (T. 457-60) The two appeared to be talking but the conversation turned argumentative. Spence returned to the car briefly, but then got out. Taylor stated that he upped the volume on radio, before hearing two gunshots. Taylor testified that when he looked toward the sound, he saw Hill standing over Spence and then tuck a gun into his waist band. (T. 466-68) Taylor told the jury that he exited the GT to try to help Spence. (Id.) Taylor acknowledged that he initially told

2

police that he did not know Spence. (T. 498-500)

Taylor also admitted at trial that he had communicated by phone with Mr. Hill the day before the shooting using Spence's phone. (T. 516) Taylor testified that he held and carried Spence after the shooting. There was, however, no evidence corroborating that this happened – certainly no blood from the victim on Taylor – and police had interviewed Taylor shortly afterward and swabbed him for gunshot residue and other evidence. (T. 519)

Despite the fact that no other evidence linked Hill to Spence's murder, the jury convicted him on the aggravated murder charge. The Court thereafter imposed a sentence of 33-years to life in prison. Following a direct appeal, the state court of appeals concluded that the prosecution had failed to prove the "prior calculation and design" element required to convict for aggravated murder and remanded the matter so that the trial court could impose sentence on the murder count. *State v. Hill*, 8th Dist. No. 98366, 2013-Ohio-578. On September 19, 2013, the trial court imposed a sentence of 18 years-life.

**New Evidence demonstrates that Hill did not kill Spence**

In 2014, Mr. Hill, filed a pro se motion for new trial with an affidavit from Myles McCollum, who claimed to have witnessed the shooting but was not called to testify. In his affidavit he averred that he saw an unarmed Hill running away from the shooting as the shots that killed Spence were being fired. That petition was summarily denied without a hearing. In 2016, Hill filed another pro se motion for new trial and petition for post-conviction relief. Those were summarily denied on November 16, 2016.

On August 6, 2018, this time with the assistance of counsel, Hill filed another motion for leave to file a delayed motion for new trial with the state trial court based on the discovery of still more new evidence. In addition to McCollum's two affidavits (the

3

original one from 2014 and one executed in April, 2018), Hill appended two more, one from Damon Taylor (the prosecution's witness at trial) and Christian Potts, a previously unknown eyewitness to the shooting. On February 5, 2019, again without holding a hearing, the state trial court summarily denied the Motion for Leave.

The state court of appeals affirmed, holding that Hill had not demonstrated that he had been "unavoidabl[y] prevented from receiving evidence contained in the proffered affidavits." *State v. Hill*, 8th Dist. No. 108250, 2020-Ohio-102, ¶52. The issue was litigated through the Ohio Supreme Court. And then Hill filed with this Court seeking to litigate any cognizable claims therein a successor petition for habeas corpus relief. In its preliminary review of Mr. Hill's request for leave to file the successor petition, the Sixth Circuit concluded that McCollum's affidavits were not "newly discovered." Nevertheless, the information contained in Taylor and Pott's affidavits was newly discovered. According to the Sixth Circuit, "viewed in light of the evidence as a whole, this new evidence suffices to show that a reasonable juror would not have found Hill guilty but for that constitutional violation." (Sixth Circuit Order, p. 5)

### I. Introduction

Mr. Hill's claim for relief is premised on the Taylor and Potts affidavits. In Taylor's affidavit he recants his trial testimony – specifically that Hill and Spence argued just before the shooting, that he saw Hill standing over Spence just after hearing shots fired, and that he saw Hill put a gun in his waistband just afterward. Taylor also recounts that he lied under oath at trial because prosecutors told him he would go to jail if he did not say Rondell Hill shot Tyrone Spence. No doubt, Taylor's account, that he testified as he did at trial because he was threatened with prosecution if he did not do so explains both the testimony and the delay in his coming forward with the new

4

information.

Christian Potts's 2018 affidavit essentially corroborates the information that Myles McCollum included in his affidavits. Potts relays that he was with McCollum near the shooting when it occurred. He saw Hill talking to Spence but then saw a dark-skinned black man run toward the pair. Hill, appeared unarmed, first backed, then ran, away as shots were fired. Pott's never came forward with the information previously because he was unaware of Hill's arrest.

According to the Sixth Circuit Mr. Hill's Petition "meets the statutory requirements to file a second or successive habeas corpus petition." <u>Sixth Circuit Order</u>, p. 4.[2] As the Sixth Circuit put it:

> Taylor was the only eyewitness to testify at trial that Hill was the culprit, and he now recants his testimony that Hill was the shooter. **Taylor also states that he was threatened with prosecution for the victim's murder if he did not testify against Hill. This new evidence, if proven, could establish a constitutional violation, such as a due process claim based on the prosecution's knowing presentation of false testimony or that insufficient evidence supported Hill's conviction**. * * * And viewed in the light of the evidence as a whole, this new evidence suffices to show that a reasonable juror would not have found Hill guilty but for that constitutional violation.

*Id.* at pp. 4-5 (emphasis added).

The Sixth Circuit has already correctly decided that Mr. Hill has alleged facts that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have convicted him at trial. Namely, the facts alleged would, if proven, establish

---

[2] Mr. Hill further maintains that this matter should not be treated as a second or successive petition. *See Storey v. Lumpkin*, 142 S. Ct. 2576, n. * (2022) (Sotomayor, J., concurring in denial of certiorari) (stating that the Sixth Circuit's opinion in *In re Wogenstahl*, 902 F.3d 621, 626-68 (6th Cir. 2018) was wrongly decided and citing approvingly to the concurring opinion in *In re Jackson*, 12 F.4th 604, 611-16 (6th Cir. 2021) (Moore, J., concurring and opining that *Wogenstahl* was wrongly decided)).

that Hill was convicted on legally insufficient evidence and violates due process. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). On habeas corpus review, this Court conducts an independent review of the state court record in analyzing the Petitioner's sufficiency of the evidence claim. See, e.g., *Nash v. Eberlin*, 437 F.3d 519, 525 (6th Cir. 2006).

In fact, if proven, the new evidence demonstrates that Hill's murder conviction is not supported by proof beyond a reasonable doubt. To the contrary, in light of the evidence, Hill may be actually innocent of the crime with which he was convicted. See, *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) There, the Court noted that the individual interest in avoiding injustice is most compelling in the context of actual innocence, and that such an interest may provide a gateway for the consideration of previously resolved claims in light of new evidence.

In addition to that concern, there's the fact that the reason that much of this new evidence is "new", or previously unavailable, stems from the fact that the prosecution suppressed it, thereby implicating viable due process issues pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), *Napue v. Illinois*, 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959) and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), *et al.* Accordingly, and consistent with its proper institutional role, this Court should reject the Warden's invitation to weaponize § 2244(b)(2)(B)'s jurisdictional requirements and disregard the Sixth Circuit's legal conclusions addressing the facial sufficiency of Mr. Hill's petition. Instead, this Court should set the matter for an evidentiary hearing to facilitate a final determination of the jurisdictional question and, if appropriate, an adjudication on the merits.

In the alternative, and in accordance with Fed. R. Civ. P. 15(a)(2), this Court should grant leave for Mr. Hill to amend his petition to explicitly state the *Brady*/*Giglio*/*Napue* claims which are quite obviously embedded within Mr. Taylor's affidavit asserting that he only implicated Mr. Hill due to coercion from the prosecution.[3] If this Court is inclined to second-guess the Sixth Circuit's recognition that a cognizable due process claim is already embedded in Mr. Hill's petition, *see* Sixth Circuit Order, p. 4, the interests of justice warrant allowing Mr. Hill to amend his petition now rather than foreclosing a merits adjudication on Mr. Hill's claim due to the inartful drafting of his prior counsel.

The State offers four reasons for why this Court should refuse to address the merits of Mr. Hill's due process/innocence claims. Mr. Hill addresses these bases in further detail below.

> II. **The Facts Underlying Mr. Hill's Claims Are Sufficient to Survive the Jurisdictional Requirements of § 2244(b)(2)(B)(ii) and Warrant an Evidentiary Hearing.**
>
> [IN RESPONSE TO RESPONDENT'S BRIEF OPPOSING JURISDICTION AT PP. 20-28, SECTION IV(B)(1)-(2)]
>
> A. The Sixth Circuit's Prior Determination That Mr. Hill's Petition Has Made a *Prima Facie* Showing That His Petition Survives the Jurisdictional Requirements of § 2244(b)(2)(B) is Binding on This Court.

The Sixth Circuit has already – and correctly – determined that the allegations in Mr. Hill's Petition, if proven and viewed in light of the evidence as a whole, could be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have convicted Mr. Hill. *See* Sixth Circuit Order, p. 4; § 2244(b)(2)(B)(ii). This is the law of the case. *See, e.g.*, *West v. Bell*, 2010 U.S. Dist. LEXIS 114523, *19, 2010 WL 4363402 (E.D. Tenn. Oct. 27, 2010) ("[T]he law of the case doctrine

---

[3] The State Court summarily rejected and refused to consider a *Brady* claim underpinning the delayed discovery of Myles McCollum's affidavit.

7

precludes this Court from reconsidering the issues expressly or impliedly decided by the Sixth Circuit.").

While the Warden is correct that this Court has an independent gate-keeping function beyond that of the Sixth Circuit, it is incorrect to suggest that this Court is entitled to disregard legal conclusions that have been already been set forth in this matter by a higher court. *See*, *e.g.*, *id*. Here, the Sixth Circuit has already decided that as a matter of law, Mr. Hill has stated a *prima facie* case sufficient to meet § 2244(b)(2)(B)'s jurisdictional requirements. What is left for this Court to determine is whether Mr. Hill can produce sufficient *evidence* to back up his *prima facie* case.

The State's reliance on *Case v. Hatch*, 731 F.3d 1015 (10th Cir. 2013) does *not* provide support for its request that this Court disregard the Sixth Circuit's legal conclusion that Mr. Hill has alleged facts that would establish cognizable constitutional error sufficient to meet the requirements of § 2244(b)(2)(B). In fact, the opposite is true: *Case* makes clear that the district court's gate-keeping function, consistent with its general institutional role, is to develop a record – upon which habeas claims that survive an appellate court's *prima facie* evaluation – can be adjudicated. *See id.* at 1027, 1029 (bold added, italics in original):

> § 2244 requires an applicant to pass through two gates. The first gate requires the petitioner make a *prima facie* showing at the circuit level that no reasonable factfinder would have found him guilty but for constitutional error at trial. **The second gate requires the petitioner to back up the prima facie showing at the district court level with actual evidence to show he can meet this standard.** * * *
>
> [G]ate one is at the circuit court level where a preliminary assessment occurs based on the application; ***gate two* is at the district court level where a record is made and a final assessment occurs.**

*See also Ochoa v. Simmons*, 485 F.3d 538, 542 (10th Cir. 2007) (emphasis in original) (§

2244(b)(2)(B)'s "authorization process is assigned to an *appellate* court, whose institutional role ordinarily excludes evidence-gathering and fact-finding[.]").

In other words, it is not this Court's role to second-guess whether the Sixth Circuit correctly determined that Mr. Hill has presented a *prima facie* case that he has overcome the jurisdictional bar of § 2244(b)(2)(B)'s. Rather, this Court's proper is to accept that Mr. Hill has made such a *prima facie* showing and develop a fuller evidentiary record to facilitate a final determination on the jurisdictional question and, if appropriate, an adjudication on the merits.

> B. The Sixth Circuit Correctly Found That Mr. Hill Has Stated a Constitutional Claim Cognizable for Federal Habeas Review.

Even if this Court could appropriately disregard the Sixth Circuit's legal conclusion addressing whether Mr. Hill's Petition warrants an adjudication on the merits, it should still reach the same conclusion in the first instance. The Warden asks this Court to hold – contrary to the Sixth Circuit – that it is jurisdictionally barred from even considering whether the evidence put forth in support of Mr. Hill's *actual innocence* claim would, if tested, bear out his claim of actual innocence sufficient to overcome the stringent requirements of § 2244(b)(2)(B). But the State's position on this question is grounded on a fundamental misperception of the facts and circumstances surrounding Mr. Hill's due process/sufficiency claim:

> Importantly, there is no constitutional violation that prevented the "evidence" contained in said affidavits to be heard by the jury. Thus, the "new evidence" of his actual innocence that he brings forth here is not linked to any constitutional error at trial. As such, Hill can never satisfy the mandatory requirement of § 2244(b)(2)(B)(ii) because a successive petitioner's claim of innocence must be tethered to a claim of constitutional error in order for the subparagraph (B)(ii) standard to be met.

Respondent's Brief Opposing Jurisdiction Pursuant to 28 U.S.C. § 2244(b)(2)(B), Case:

9

1:20-cv-02198-JRA, Dkt. 14 (hereinafter "Respondent's Brief"), p. 26 (internal quotations omitted).

The Warden is wrong. As the Sixth Circuit recognized, the facts contained in Damon Taylor's affidavit "if proven true, could establish a constitutional violation such as a due process claim based on the prosecution's knowing presentation of false testimony or that insufficient evidence supported Hill's conviction." *See* Sixth Circuit Order, p. 4 (*citing Byrd v. Collins*, 209 F.3d 485, 517 (6th Cir. 2000)). Importantly (as the Warden has recognized), Mr. Hill's sufficiency claim *is* linked to constitutional error at trial – i.e., his conviction was based on insufficient evidence *because* the only evidence implicating him in the murder was false testimony resulting from coercion by the prosecutors, known to the State but unknown to Mr. Hill at the time of trial. *See Brady/ Napue /Giglio*, et al.

It is not a radical proposition that perjured testimony, secured by prosecutorial coercion, is insufficient to sustain a conviction. Mr. Hill's sufficiency claim is tethered to an underlying constitutional error at trial. Even if this Court finds it has the authority to second-guess the Sixth Circuit's legal conclusions about whether he has stated a cognizable claim, it should reject the Warden's attempt to prevent Mr. Hill's claim of actual innocence from ever being adjudicated in a court of law and set the matter for an evidentiary hearing.[4]

---

[4] Furthermore, to the extent this Court agrees with the State's characterization of Mr. Hill's claim as a "free-standing actual innocence claim[,]" *see* Respondents Brief's, p. 26, contrary to the State's position, Justice O'Connor''s concurrence in *Herrera v. Collins*, 506 U.S. 390 (1993), joined by Justice Kennedy, suggests that *Herrera* does *not* foreclose recognition of such a claim in a "truly extraordinary case[.]" *Id.* at 426-27 (O'Connor, J., concurring). Unlike in *Herrera*, where the "record overwhelmingly demonstrate[d] that petitioner deliberately shot and killed" two officers, *id.* at 421, here, the case against Mr. Hill depended on a single eyewitness who now asserts that he was coerced into perjuring himself.

      C. <u>Based on the Plain Language of § 2244(b)(2)(B), the Factual Allegations Contained in Mr. Hill's Petition Are Sufficient to Warrant an Adjudication of Mr. Hill's Actual Innocence Claim on the Merits.</u>

Finally, even if this Court disregards the Sixth Circuit's legal conclusion as to whether Mr. Hill's Petition warrants an adjudication on the merits and goes on to find that the claims as presently stated are non-cognizable, it should find that Mr. Hill's petition survives the requirements of § 2244(b)(2)(B) based on the *facts underlying* and *factual predicate for* Mr. Hill's claims and permit Mr. Hill to amend his petition in accordance with Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading * * * with * * * the court's leave. ***The court should freely give leave when justice so requires***.") (emphasis added).

§ 2244(b)(2)(B)(ii) requires that "the facts underlying the claim" in a successive petition be "sufficient to establish * * * that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Similarly, § 2244(b)(2)(B)(i) refers to "the factual predicate for the claim[.]"

The Warden asks this Court to find there is no jurisdiction to entertain Mr. Hill's claim because of the way the Petition formulated it. This request ignores the plain text of § 2244(b)(2)(B), which refers not to the formulation of the claim, but to the *facts underlying the claim* and *factual predicate for the claim*. Here, as the Sixth Circuit recognized, the facts contained in Damon Taylor's affidavit "if proven true, could establish a * * * due process claim based on the prosecution's knowing presentation of false testimony[.]" *See* <u>Sixth Circuit Order</u>, p. 4 (*citing Byrd v. Collins*, 209 F.3d 485, 517 (6th Cir. 2000)); *Napue*, 360 U.S. 264.

Moreover, the facts alleged in Mr. Hill's Petition and Mr. Taylor's affidavit also

make out a *prima facie* case for a *Brady* violation, which requires the prejudicial suppression of evidence that is favorable to accused. *See*, *e.g.*, *Clark v. Nagy*, 934 F.3d 483, 492 (6th Cir. 2019). Here, Mr. Hill has alleged facts that sufficiently demonstrate a *Brady* violation in connection with the discovery of the new evidence and the contents of the evidence itself. Mr. Hill alleged that the information contained in Mr. Taylor's supporting affidavit was newly discovered and thus undisclosed by the State at the time of trial. Amended Petition for Writ of Habeas Corpus, Case No. 20-cv-02198, Dtk. 9 (hereinafter Amended Petition), p. 2. Obviously, the facts contained in Mr. Taylor's affidavit are favorable to Mr. Hill. *Id.* at p. 8. And given that Mr. Taylor was the prosecution's key witness, who provided the *only* evidence that Hill was involved in the Spence's murder, *see id.* at p. 6, the facts contained in Mr. Taylor's affidavit, if proven, would not only be prejudicial within the *Brady* context, but, as recognized by the Sixth Circuit, could "suffice[ ] to show that a reasonable juror would not have found Hill guilty but for [a] constitutional violation." Sixth Circuit Order, pp. 4-5.

     If this Court is inclined to second-guess the Sixth Circuit's recognition that a cognizable due process claim is already embedded in Mr. Hill's petition, *see* Sixth Circuit Order, p. 4, the interests of justice warrant allowing Mr. Hill to amend his petition now rather than foreclosing a merits adjudication on Mr. Hill's claim of *actual innocence*. Therefore, if this Court would otherwise find Mr. Hill's Petition to be improperly drafted, it should alternatively grant leave for Mr. Hill to amend his petition to explicitly state the *Brady*/*Giglio*/*Napue* claims which are quite obviously embedded within Mr. Taylor's affidavit asserting that he only implicated Mr. Hill due to coercion from the prosecution.

12

III. **Mr. Hill's Claims Are Sufficient to Survive the Jurisdictional Requirements of § 2244(b)(2)(B)(i) Because the Factual Predicate for His Claims Regarding Mr. Taylor Was Suppressed by the State and Unavailable to Him at the Time of His Previous Habeas Corpus Petition**

[IN RESPONSE TO RESPONDENT'S BRIEF OPPOSING JURISDICTION AT PP. 28-32, SECTION IV(C)]

Here, again, the State seeks to relitigate a matter that has already been settled by the Sixth Circuit. *See* Sixth Circuit Order, p. 4 ("Taylor's affidavit * * * could not have been discovered previously because he did not recant his testimony in an affidavit until 2017, and Hill filed his first habeas corpus petition in 2015."). For the reasons stated in Section II, *supra*, this Court should reject the Warden's claim that this Court may second guess the Sixth Circuit's Order – at least in the absence of an evidentiary hearing that would allow for further development of a record and *potentially* provide a factual basis for a differing conclusion outside the purview of the Sixth Circuit's review.

But even if this Court were to reevaluate the Sixth Circuit's legal conclusion on this question *de novo*, it should come to the same conclusion. Although the State argues a lack of due diligence based on the time elapsed between when Mr. Hill received Mr. Taylor's affidavit and when he presented it in support of a claim in this Court, such a consideration is simply not the relevant under § 2244(b)(2)(B)(i). As the Sixth Circuit has long held, for the purposes of § 2244(b), evidence could not have been previously discovered when it was unavailable at the time of a petitioner's last federal proceeding in the matter. *See In re McDonald*, 514 F.3d 539, 545 (6th Cir. 2008):

> [T]he evidence now proffered by McDonald could not have been discovered at the time of his first *habeas* petition, which constituted the last federal proceeding in this matter. * * * As a result, the evidence presented now by McDonald could have been previously discovered for the purposes of § 2244(b).

13

As a procedural matter, during much of the time of which the Warden complains, Hill was presenting the evidence in state court, which is a practice federal courts in this context typically recommend in the first instance. *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

In the light of the fact that Mr. Taylor's affidavit furnishes the factual bases for *Brady/Giglio/Napue* claims, Mr. Hill's previous ignorance of the falsehood of Mr. Taylor's trial testimony does not establish a lack of due diligence on his part. *See, e.g.*, *Banks v. Dretke*, 540 U.S. 668, 695-96, 124 S. Ct. 1256, 157 L. Ed. 2d 1166 (2004):

> Our decisions lend no support to the notion that defendants must scavenge for hints of undisclosed *Brady* material[.] * * *
>
> The State here nevertheless urges, in effect, that "the prosecution can lie and conceal and the prisoner still has the burden to . . . discover the evidence," * * * so long as the "potential existence" of a prosecutorial misconduct claim might have been detected[.] * * * A rule thus declaring "prosecutor may hide, defendant must seek," is not tenable in a system constitutionally bound to accord defendants due process. "Ordinarily, we presume that public officials have properly discharged their official duties." *Bracy v. Gramley*, 520 U.S. 899, 909, 138 L. Ed. 2d 97, 117 S. Ct. 1793 (1997)[.] * * * Prosecutors' dishonest conduct or unwarranted concealment should attract no judicial approbation.

*See also Strickler v. Green*, 527 U.S. 263, 287-88, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999) ("In the context of a *Brady* claim, a defendant cannot conduct the 'reasonable and diligent investigation' mandated * * * to preclude a finding of procedural default when the evidence is in the hands of the State."); *In re Jackson*, 12 F.4th at 609:

> Jackson * * * argues that the facts underlying his *Brady/Napue* false testimony claim were unavailable until Ivana King provided Jackson's counsel with a declaration that law enforcement had intimidated her into falsely testifying that Jackson had confessed to the murders. Jackson has made a prima facie argument that this evidence was suppressed as well and that he could not have obtained it through the exercise of due diligence.

The Sixth Circuit has already decided that Mr. Hill has made a *prima facie* showing

14

that he has satisfied the due diligence requirements of § 2244(b)(2)(B)(i). This Court must respect the higher court's *prima facie* finding, although it retains discretion to hold an evidentiary hearing at which a record can be further developed to facilitate a final assessment of this issue. *See Hatch*, 731 F.3d at 1029.

### IV. The Credibility of Mr. Taylor's Affidavit Must be Assessed at an Evidentiary Hearing.

[IN RESPONSE TO RESPONDENT'S BRIEF OPPOSING JURISDICTION AT PP. 32-36, SECTION IV(D)]

To avoid dismissal for want of jurisdiction, § 2244(b)(2)(B)(ii) requires that the facts underlying a second or successive habeas petition "***if proven*** and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." (Emphasis added). Here, the State asks this Court to simply assume that the facts alleged in Mr. Hill's Petition (and particularly in Mr. Taylor's affidavit) are false. But a summary disposition on the pleadings is not the appropriate way to resolve this factual inquiry. Rather, this Court should hold an evidentiary hearing at which Mr. Hill will be required to back up the allegations of his Petition with evidence and allow for a final credibility assessment by this Court. *See Hatch*, 731 F.3d at 1027, 1029; *Nagy*, 934 F.3d at 493 ("The commonly accepted method to determine whether a witness is telling the truth is to hold an evidentiary hearing."). Habeas petitioners are entitled to evidentiary hearings to determine the credibility of even self-serving affidavits – unlike Mr. Taylor's affidavit here, which amounts to a statement against his own interests. *See Pola v. United States*, 778 F.3d 525, 535 (6th Cir. 2015) (internal quotations omitted) (emphasis added):

> [W]hen the decision to conduct a[n] * * * evidentiary hearing turns on

15

credibility issues, * * * resolution on the basis of affidavits can rarely be conclusive[.] * * * [A]n affidavit is not incredibly just because the asserted facts favor the affiant. *See, e.g.*, [*Valentine v. United States*, 388 F.3d 325, 334 (6th Cir. 2007)] (holding that the district court abused its discretion by denying the petition an evidentiary hearing when the petitioner had provided a factual narrative of events that was not blatantly incredible); *Smith v. United States*, 348 F.3d 514, 551, 554 (6th Cir. 2004) (finding that the district court abused its discretion when it denied the petitioner an evidentiary hearing because he had only submitted "self-serving testimony" that he would have pleaded guilty had his attorney advised him of the sentencing exposure). **We therefore hold that Pola is entitled to an evidentiary hearing to develop his claim because his factual narrative is not inherently incredible, and there is nothing in the record that conclusively shows that Partin's performance was not deficient.**

There is no basis in the record for this Court to conclude that Mr. Taylor's affidavit is inherently incredible. And as a jurisdictional matter, 2244(b)(2)(B)(ii) requires only that the facts underlying a second or successive habeas petition would warrant relief *if proven*. This Court should set the matter for an evidentiary hearing where Mr. Hill will have an opportunity to prove, and the State will have an opportunity to disprove, the allegations contained in his Petition.

## V.  Conclusion

For the foregoing reasons, Mr. Hill respectfully requests that this Court deny Respondent's Brief Opposing Jurisdiction and set the matter for an evidentiary hearing.

Respectfully submitted,

 /s/Erika B. Cunliffe
ERIKA B. CUNLIFFE
Assistant Public Defender
Cuyahoga County Public Defender Office
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113
(216) 443-7583
Peachliffe1@yahoo.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing Petitioner's Response to the Warden's Brief Opposing Jurisdiction Pursuant to 28 U.S.C. 2244(b)(2)(B) was filed electronically, on September 12, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                            */s/ Erika Cunliffe*
                                                      ERIKA B. CUNLIFFE
                                                      Assistant Public Defender