### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | | |
|---|---|---|
| RONDELL L. HILL, | ) | CASE NO. 1:20-CV-02198-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN ED SHELDON, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **ORDER** |
| | ) | |

This matter is before the Court on Petitioner Rondell L. Hill's motion to stay and hold proceedings in abeyance. (ECF No. 10). Respondent Warden Ed Sheldon opposed the motion. (ECF No. 13). For the foregoing reasons, this Court recommends that Petitioner's motion be DENIED.

On September 29, 2020, Petitioner Rondell L. Hill ("Petitioner) filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting two Grounds for Relief to challenge his 2012 murder conviction. The District Court transferred the matter to the United States Court of Appeals for the Sixth Circuit for consideration as a request to authorize a second or successive petition. (ECF No. 5). The Sixth Circuit granted Petitioner's motion, agreeing that two of the affidavits upon which the petition was predicated met the statutory requirements for filing a second or successor petition. The court concluded that two of the affidavits submitted in support of Petitioner's first claim for relief – arguing that a conviction not supported by sufficient evidence was contrary to clearly established federal constitutional law – should be considered in a successor petition. The court found that the second proposed claim for relief was not cognizable.

1

Upon reopening, this Court ordered Petitioner to file an Amended Petition. Petitioner thereafter filed an Amended Petition asserting a sole Ground for Relief: "that Hill's right to due process was violated because his conviction was based on insufficient evidence and the state courts violated federal law and constitutional provisions by denying a review of the newly discovered evidence demonstrating that claim[.]" (ECF No. 9 at 4). Acknowledging that his claim is "technically" exhausted in the state court, Petitioner asks this Court to find: 1) good cause for his failure to exhaust; 2) that his claims is potentially meritorious; and 3) that he has not been dilatory in presenting the unexhausted claim. (ECF No. 10 at 3). Respondent argues that the matter should not be stayed because the issue is exhausted and there is no mechanism to return the matter to state court short of granting a conditional writ of habeas corpus following a full merits adjudication. (ECF No. 13).

Petitioner argues that a stay is warranted pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 10 at 4). In *Rhines*, the Supreme Court provided the following three-part analysis to determine when granting a stay is appropriate: (1) the district court must determine that there is good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims cannot be plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-278. However, this analysis applies to when a petitioner seeks a stay in order to litigate exhausted claims. There is no dispute here that Petitioner's sole ground for relief is exhausted. Accordingly, *Rhines* is not applicable. *See Adams v. Hart*, No. 518CV00120TBRLLK, 2018 WL 5636166, at *2 (W.D. Ky. Oct. 31, 2018)

When a petition contains only exhausted claims, the petition is not "mixed" and a habeas court is entitled to delay a decision "when considerations of comity and judicial economy would be served and there is no basis for granting a stay." *Bowling v. Haeberline*, 246 Fed. App'x. 303,

306 (6th Cir. 2007). "Where a petitioner presents a petition containing only exhausted claims, courts have held that the stay and abeyance procedure is not available." *See Worley v. Bracy*, No. 1:18-CV-00050, 2018 WL 4443137, at *2 (N.D. Ohio July 11, 2018), *report and recommendation adopted*, No. 1:18-CV-00050, 2018 WL 4442195 (N.D. Ohio Sept. 17, 2018) (citing *Drummond v. Jenkins*, 2016 U.S. Dist. LEXIS 125757 *26-28 (N.D. Ohio Sept. 15, 2016). *See Gatlin v. Clipper*, 2014 U.S. Dist. LEXIS 82283 *4-5 (N.D. Ohio June 17, 2014) (denying motion for stay and abeyance because petitioner stated only one ground for relief, therefore his petition was not "mixed"); *Casey v. Hall*, 2009 U.S. Dist. LEXIS 61073 *8-9 (N.D. Ohio July 17, 2009) (finding petitioner ineligible for stay and abeyance because the separate claims pending in state court did not make his petition "mixed"); *Moore v. Wilson*, 2008 U.S. Dist. LEXIS 108930 *5-6 (N.D. Ohio June 20, 2008) (denying motion to stay when petitioner did not seek to exhaust claims currently before the court). *See also Harrison v. Harry*, 2018 U.S. Dist. LEXIS 12843 *3 (E.D. Mich. Jan. 26, 2018) (denying a one-sentence motion to stay because the court could not determine if it was warranted); *Holt v. Lafler*, 2010 U.S. Dist. LEXIS 86282 *8 (W.D. Mich. Aug. 23, 2010) (denying a stay when petitioner sought to use the procedure to pursue seventeen new claims)).

"A district court has the authority to stay a petition containing only fully-exhausted claims on equitable grounds but only if the petitioner is pursuing other claims in state court." *See Adams,* 2018 WL 5636166, at *2. Petitioner states that he would "submit a successor petition for post conviction relief and/or motion for new trial in the state court within 60 days" of an order by this Court staying this case. (*See* ECF No. 10). Based on his statements, Petitioner has not yet begun to pursue any other claims. Accordingly, Petitioner's motion to stay and hold proceedings in abeyance while he pursues a collateral attack should be denied.

3

**Recommendation**

For the above reasons, the undersigned RECOMMENDS that the Court DENY Petitioner's motion for stay and abeyance of his § 2254 federal habeas corpus petition. (ECF No. 10).

Dated: October 19, 2022

                                            s/ *Carmen E. Henderson*
                                            CARMEN E. HENDERSON
                                            U.S. MAGISTRATE JUDGE

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530–31 (6th Cir. 2019).