UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONDELL L. HILL, | ) | CASE NO.: 1:20CV2198 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| WARDEN ED SHELDON, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge (Docs. 20) filed by Petitioner Rondell Hill. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Hill's petition presents in the unusual circumstance in which the Sixth Circuit has made an initial determination that the matter may proceed as a successive petition. However, the R&R properly notes that following this threshold determination, "the district court must independently determine whether the petition *actually satisfies* the stringent § 2244(b)(2) requirements. *Id*. at 741 (emphasis added); *Vinson v. Jackson*, 711 F. App'x 329, 332 (6th Cir. 2018)." Doc. 20 at 11.

The R&R reviewed each piece of Hill's alleged newly discovered evidence and found that it was insufficient to meet the standard set forth in § 2244(b)(2).

In his first objection, Hill contends that the R&R should have considered other evidence than the affidavits that the Sixth Circuit found were proper to consider:

> If one looks at all the evidence presented at Mr. Hill's trial in light of everything that has developed to undermine that evidence in the years since Hill's conviction, it is hard to imagine any reasonable fact finder would find that evidence sufficient. That evidence includes affidavits from Potts and Taylor, but also two from Miles McCollum.

Doc. 23 at 8. Hill offers no legal authority for this position and wholly ignores that the Sixth Circuit found that McCollum's information could have been discovered prior to his first habeas petition. More importantly, Hill's overarching argument – that the Court should consider the totality of the evidence he claims is new – ignores the analysis performed by the R&R. The R&R determined whether or not each piece of evidence satisfied the § 2244(b)(2) requirements for a successive petition. The R&R concluded that only Damon Taylor's affidavit conceivably met these requirements. Accordingly, there was no legal or factual basis to consider the other evidence independently, let alone a legal requirement to do so collectively.

In his second and final objection, Hill claims that his evidence should not have been analyzed without an evidentiary hearing. It is somewhat unclear what legal basis Hill relies upon for this objection. The R&R found that the only evidence that could be considered was Taylor's affidavit.[1] The R&R reviewed the content of that affidavit, the law surrounding recanted testimony, and the discrepancies between the record and Taylor's new affidavit. None of those factors could be altered by hearing live testimony from Taylor. His statements would still be a recantation of his trial testimony to be viewed with "extreme suspicion." *Matthews v. Ishee*, 486

---

1 Notably, Hill raised no objection to the R&R's analysis of Christian Potts' affidavits.

F.3d 883, 895 (6th Cir. 2007).  Moreover, his live testimony would not alter the fact that his recanted testimony conflicted with his detailed account of the event given at trial and with other evidence that corroborated that account.  Accordingly, the R&R properly concluded that no basis existed to conduct an evidentiary hearing.

In closing, the Court would note that many of Hill's arguments touch upon claims that would be properly categorized as ineffective assistance of counsel or due process violations stemming from alleged prosecutorial misconduct.  Hill, however, raised only a single claim in this petition:

> "NEW PREVIOSLY UNAVAILABLE EVIDENCE RENDERS THE EVIDENCE UNDERLYING PETITIONER'S CONVICTION INSUFFICIENT"

Doc. 9 at 7.  As such, the R&R properly declined to engage in any analysis of claims not contained in the petition.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Date: December 7, 2023               /s/ *John R. Adams*
                                     JUDGE JOHN R. ADAMS
                                     UNITED STATES DISTRICT JUDGE